### CRAMER MFG. CORPORATION v. ROYAL EXCHANGE ASSUR., Limited.

No. 5410.

United States District Court
W. D. Missouri, W. D.

Jan. 17, 1949.

Reeder, Gisler & Griffin, of Kansas City, Mo., for plaintiff.

Hogsett, Trippe, Depping & Houts, of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action on a policy of fire insurance. The insurance covered merchandise owned by the plaintiff. After the issuance of the policy there was an "assignment of interest by insured" with the consent of the company. Such assignment was attached to the policy and read as follows:

"The interest of Cramer Manufacturing Corporation as owner of property covered by this policy is hereby assigned to R. P. M. M'fg. Co. subject to the consent of Royal Exchange Assurance * * *
    Name of Insurance Company."

The assignment was made on January 7, 1948, and at the same time the defendant on its part approved as follows:

"Consent By Company to Assignment of Interest The Royal Exchange Assurance
        Name of Insurance Company
hereby consents that the interest of Cramer Manufacturing Corporation as owner of the property covered by this policy be assigned to R. P. M. Mfg. Co.

Attached to and forming part of Policy No. 94-464 of the Royal Exchange As-
        Name of Insurance Company
surance issued at its Kansas City, Missouri Agency. Dated January 7, 1948.
                    Morton T. Jones, Agent."

In September following the assignment the property was destroyed by fire. In the meantime the title to the property had not actually passed to the R. P. M. Mfg. Co. but remained in the plaintiff. Since the title to the property covered by the insurance never vested in the said R. P. M. Mfg. Co., it is the contention of the defendant that, upon such assignment endorsed upon the policy, there was a novation of the contract and that there is no longer a privity between the plaintiff and the defendant on the policy. No question is raised but that the premium was paid as alleged by the plaintiff and that the policy was in force at all times mentioned in the complaint and that it insured the property destroyed by the fire. Counsel for the plaintiff contends that the R. P. M. Mfg. Co., under the circumstances, sustained the relationship of bailee and that under the authorities the plaintiff would be entitled to recover. The cases cited by plaintiff do not apply; however, in this case. The same may be said of the cases cited by the defendant. These cases related to liability policies and not for indemnities in case of loss.

1. The facts in the case present a situation where the defendant had issued its policy or contract of insurance, received a stipulated premium for its insurance and had undertaken to insure the identical property destroyed by fire. At the time of the assignment of interest in the property both parties were under the mistaken notion that the title to the insured property had been conveyed to the R. P. M. Mfg. Co. It developed, however, that the interest of the plaintiff had not been transferred or assigned to said Company but remained in the plaintiff. The defendant was not prejudicially affected by the circumstance that the interest in the property remained in the plaintiff and was not assigned to the named assignee. While technically the plaintiff may not, as a matter of law, as the record now stands, be entitled to recover, yet plaintiff should not be denied recovery where there was a mutual mistake of fact with respect to the ownership of the property.

Equity will relieve against such mistakes and it will do this "even though one may be guilty of some negligence in failing to discover mistakes, he will not be denied equitable relief where no one has been led into, or permitted to change positions in consequence of what has been done under the mistake." Calloway Bank v. Ellis, 215 Mo.App. 72, 238 S.W. 844, loc. cit. 847. This is in accord with the text and cases. And, as said by the district judge for the Eastern District of Pennsylvania, in United States Fidelity & Guaranty Co. v. Heller, D.C., 259 F. 885, loc. cit. 889: "The broad doctrine is, however, essentially

simple and may be simply stated. It is that mistake is a recognized ground for the exercise of the equitable jurisdiction of the courts, and is just as clearly recognized as is fraud. The correction of mistakes by doing away with their consequences is a recognized remedy to be applied."

Many other authorities are to the same effect. Under our rules the case ought not to be dismissed because mistakenly brought as an action at law. The complaint should be treated as an equitable action and plaintiff should be permitted either to ask for a reformation of the contract or to proceed in equity in its assertion of the claim for loss.

Accordingly, the motion of the defendant for judgment on the pleadings should be and will be overruled.